IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


MARGIE N. BROWN,

PLAINTIFF


v.                              Case No. 4:07-cv-4039


MICHAEL J. ASTRUE, Commissioner
Social Security Administration                              DEFENDANT


**MEMORANDUM OPINION**

Plaintiff, Margie N. Brown, brings this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying her claim for a period of disability, disability insurance benefits (DIB), and

supplemental security income (SSI) benefits under the provisions of Title II and Title XVI of the

Social Security Act (Act).  The parties have consented to the jurisdiction of a magistrate judge to

conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a

final judgment, and conducting all post-judgment proceedings.  (Doc. No. 4).[1]  Pursuant to this

authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this

matter.

**1. Procedural Background:**

Plaintiff protectively filed for DIB and SSI on July 8, 2004 alleging disability due to knee and

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for
this case are referenced by the designation "Tr."

1

hand problems and high blood pressure.  (Tr. 44, 83, 169).  Plaintiff's applications were denied initially and on reconsideration.  (Tr. 30, 34, 175, 178).  Pursuant to Plaintiff's request, an Administrative Law Judge (ALJ) held a hearing on February 9, 2006.  Plaintiff, represented by attorney Denver Thornton, appeared and testified at the hearing, along with vocational expert (VE) Mack Welch.  (Tr. 181-209).  On October 27, 2006, the ALJ issued an unfavorable decision.  (Tr. 12-15).  Specifically, the ALJ found the Plaintiff was not unable to engage in substantial gainful activity for any continuous period of at least 12 months and the Plaintiff was not disabled at any time though the date of the decision.  (Tr. 15).  The ALJ's decision became the final decision of the Commissioner when the Appeals Council concluded that no basis existed for review of the ALJ's decision.  (Tr. 4-6).

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2007); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065,

1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).   The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.   He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.   *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f) (2003).   The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.   *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.  Discussion:**

The Plaintiff appealed the decision of the Commissioner finding her not disabled.  She claims the ALJ's findings are not supported by substantial evidence in the record and the ALJ erred in finding the Plaintiff had engaged in substantial gainful activity during the relevant time period.  The Defendant argues the ALJ's decision is supported by substantial evidence and the Plaintiff did engage in substantial gainful activity during the relevant time period.

**A. Substantial Gainful Activity**

As noted above, the Social Security regulations require the ALJ to follow a sequential procedure in analyzing disability claims. At the first step, the ALJ must determine whether the claimant is engaged in substantial gainful activity.  If the ALJ finds a claimant is engaged in substantial gainful activity, then the claimant must be found not disabled regardless of medical condition, age, education, or work experience.  *See* 20 C.F.R. § 404.1520(b). Substantial gainful activity is work that is both substantial and gainful.  Substantial work activity is work that involves doing significant physical or mental activities.  Gainful work activity is work activity that one does for pay or profit, whether or not a profit is realized.  *See* 20 C.F.R. § 404.1572.

Plaintiff's alleged date of disability began on July 2, 2004.  (Tr. 169).   At the hearing, Plaintiff testified she began working at Medical Park Hospital in June 2005. (Tr. 102).[2]  Plaintiff's job involved working in the hospital cafeteria where she cooked and delivered food trays to patient rooms.  (Tr. 197-198).  Plaintiff testified she worked approximately 32 hours a week and earned $7.50 per hour.  (Tr. 190).  Plaintiff continued to work at the time of her hearing on February 9,

---

[2]According to wage records, Plaintiff began working on May 15, 2005.  (Tr. 102).

2006.

The ALJ found Plaintiff's earnings were $6,410.38 in 2004; $7,576.79 in 2005; and $2089.00 during the first quarter of 2006.  (Tr. 12, 48, 100-113).  According to Plaintiff's brief, these figures are not in dispute.  (Doc. 6 Pg. 5).  The ALJ further found Plaintiff's work activity as being substantial gainful activity and at no point had the Plaintiff been unable to engage in substantial gainful activity for any continuous  period of at least twelve months.  (Tr. 15).  Based on these findings, the ALJ found Plaintiff was not disabled.

In determining whether a claimant is substantially gainfully employed, criteria such as the level of earnings from work is relevant.  If a claimant has worked for substantial earnings, it will be presumed the claimant can perform substantial gainful activity.  *See* 20 C.F.R. § 404.1574(a)(1). Earnings in excess of $830 per month for 2005 and $860 per month for 2006 would be considered substantial gainful activity.  *See* 20 C.F.R. §404.1574(b)(2)(ii).[3]      Plaintiff argues the ALJ erred in finding her earnings substantial because the ALJ did not divide Plaintiff's 2005 earnings by 12 months, and had he done so, Plaintiff's monthly earnings would be $631.39 per month.  Defendant argues the proper formula for determining monthly earnings is to divide the yearly earnings by the number of months actually worked by the Plaintiff.  Using Defendants formula, Plaintiff's monthly earnings for 2005 were $1,082.39 based upon the seven months Plaintiff worked in 2005.

This same issue was addressed in *Anderson v. Heckler*, 726 F.2d 455 (8th Cir. 1984).  In *Anderson*, the Court found the proper method of determining whether a claimant is engaged in

---

[3] The Social Security Administration has determined the average monthly earnings amount which constitutes substantial gainful activity for years 1975-2008.  These monthly earning amounts can be found at http://www.ssa.gov/OACT/COLA/SGA.html.

substantial gainful activity is to average the claimant's earnings over only the months worked.  *See Anderson,* 726 F.2d at 457.  As the Court in *Anderson* noted,  20 C.F.R. §404.1574 is written in terms of determining average monthly earnings.  If Plaintiff were correct in her assertion, the regulation would be written in terms of a yearly minimum, and not a monthly minimum.  *See Anderson,* 726 F.2d at 458.  In this case the appropriate average monthly earnings for for Plaintiff for 2005 is $1,082.39.

Further, a disability must last or be expected to last at least twelve months to be considered disabling.  *See* 42 U.S.C. § 423(d)(1)(A).   In this case, Plaintiff returned to work at a substantial gainful activity level prior to the passage of twelve months from the date her alleged disability began.  Based on this, Plaintiff cannot be considered disabled.  I find substantial evidence supports the Commissioner's determination that Plaintiff engaged in substantial gainful activity and the Commissioner's final decision should be affirmed.

**4. Conclusion:**

The Court has reviewed all of the relevant records and briefing in this case. After a careful review of the entire record, this Court finds there is substantial evidence to support the decision of the ALJ.   Accordingly, the Commissioner's decision should be affirmed, and the  Plaintiff's complaint dismissed with prejudice.   A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **2nd day of April 2008.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE